Allen, J.
delivered the c opinion of the Court.
The Court is of opinion, that the deed of settlement r ^ 7 4 in the proceedings mentioned, having been made in contemplation of marriage between a single woman, and her intended husband, who was, as is alleged in the bill, at that time insolvent, and embracing the property of the intended wife alone, and providing that neither the property or the profits or interest arising thérefrom should be liable for the debts of the intended husband then due or thereafter to be contracted or become due, should in a Court of Equity receive such construction, consistent with the terms of the deed, as will effectuate the leading intent of the parties. The leading intent of the deed was to secure the enjoyment of the property to the intended wife and her family, including the husband, free from the claim of his creditors; and therefore all idea of a property in the intended husband, in and to the settled subject, during the coverture, is excluded by the express terms of the deed. Consequently no right was acquired, nor is any pretended, to seize or sell the subject itself, by virtue of the judgment and execution in the proceedings mentioned.
The Court is further of opinion, that taking all the provisions of the deed together, the clause that the intended husband should take and enjoy the interest and profits to and for his own use and benefit during the joint lives of himself and wife, controlled as it is by the provision exempting such profits and interest from all liability for his debts, and the other considerations before adverted to, is equivalent to a provision that they should enjoy the interest and profits of the property settled, jointly during their lives.
The admitted insolvency of the intended husband, the fact that the property settled was the sole property *338 of the wife, and the express provision exempting the » profits as well as the property from the debts of the intended husband, shew clearly that it was intended to secure the enjoyment of the profits during the coverture, for the maintainance of the wife and her family, including the husband, and not merely to secure the property itself in remainder.
The Court is further of opinion, that even if the terms of the deed, owing to want of skill, or mistake in the draftsman, should have failed to carry out the clear intent of the parties, as manifested on the face of the deed, coupled with the admitted insolvency of the intended husband, those circumstances furnish a sufficient reason for the refusal of a Court of Equity to interfere and defeat the clear intent of the parties by sequestrating the profits; and for leaving the creditor to his legal remedies, if he has any, to pursue such profits after they shall have been actually received by the husband.
On these grounds, and without noticing the objection arising out of the bankrupt law, the Court is of opinion to reverse the decree with costs ; and proceeding to render such decree ás the Court below should have done, it is adjudged, ordered and decreed that the bill be dismissed, but without costs, and without prejudice to any proceedings the appellees may at any time institute, for the purpose of charging any contingent interest of the said William Perkins sen’r, arising under the deed aforesaid.